KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3215
———
(202) 326-7900

FACSIMILE:
(202) 326-7999

February 12, 2026

**VIA ECF**

Honorable Jeannette A. Vargas
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    *Optimum Commc'ns, Inc., et al. v. Apollo Cap. Mgmt., L.P., et al.*, No. 25-cv-9785-JAV (S.D.N.Y.)

Dear Judge Vargas:

      In accordance with the Court's December 22, 2025 Order (Dkt. 57), Plaintiffs Optimum Communications, Inc. and CSC Holdings, LLC. ("Optimum") and Defendants Apollo Capital Management, L.P., Ares Management LLC, BlackRock Financial Management, Inc., GoldenTree Asset Management LP, J.P. Morgan Investment Management Inc., Loomis, Sayles & Company, L.P., Oaktree Capital Management, L.P., and PGIM, Inc. ("Defendants") respectfully submit this joint letter. Under Federal Rule of Civil Procedure 26(f), the parties conferred on January 29, 2026 about the contents of this letter and the other subjects to be considered at a Federal Rule of Civil Procedure 16 conference. Nothing in this joint letter constitutes a waiver of any kind, including as to any party's right to propound discovery not described in the joint letter or to object to discovery described in the joint letter or otherwise.

      **1.**    **Nature of the Action & Principal Defenses**

<u>Plaintiffs' Response:</u>

      This is an antitrust action brought by Optimum against its creditors. The complaint claims that Defendants engaged in an unlawful group boycott and price fixing to restrain trade in Optimum's debt. The claims center on the allegation that Defendants formed a "Cooperative" that encompasses 99% of Optimum's creditors. As alleged, the Cooperative is governed by a written Cooperation Agreement that bars signatories and their affiliates from individually negotiating or transacting with Optimum, and from transferring Optimum's debt to any creditor that does not agree to join the Cooperative. Defendants are the eight members of the Cooperative's Steering Committee. The complaint also includes John Doe Defendants, which are other members of the Cooperative that Plaintiffs have not yet identified. Plaintiffs allege the Cooperation Agreement has anticompetitive effects in two antitrust markets: (1) the U.S.

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

Honorable Jeannette A. Vargas
Page 2

Leveraged-Finance Market, and (2) the Market for Outstanding Optimum Debt. The complaint also includes contract-based claims alleging that the Cooperative unilaterally amended the underlying credit documents and precluded Optimum from managing its liabilities in ways the contracts permit.

The Complaint asserts four causes of action: (1) federal antitrust claims under Sherman Act § 1; (2) state antitrust claims under the Donnelly Act; (3) breach of contract; and (4) breach of the implied covenant of good faith and fair dealing. Plaintiffs seek declaratory and injunctive relief, treble damages under the Sherman Act, compensatory and punitive damages, prejudgment interest, and attorney's fees and costs.

Defendants' Response:

Defendants deny that Plaintiffs are entitled to the relief sought in their complaint. On February 6, 2026, Defendants filed their Motion to Dismiss the Complaint (Dkts. 64-65), arguing that the complaint fails to state a claim because, among other things, (1) the alleged conduct here does not implicate the antitrust laws; (2) even if the alleged conduct was subject to the antitrust laws, application of the *per se* rule is inappropriate; and (3) Plaintiffs' antitrust claims fail under the rule of reason because both proposed antitrust markets are legally insufficient and the alleged Cooperative otherwise serves procompetitive purposes that outweigh any harm to competition. Plaintiffs' contract-based claims also fail because (1) Plaintiffs fail to identify any contract provision that Defendants breached and (2) Plaintiffs' implied covenant claim is duplicative, fails to establish that Defendants acted in bad faith, and otherwise seeks to impermissibly establish independent contractual rights.

2. **Jurisdiction & Venue**

The Court has subject-matter jurisdiction over the federal antitrust claim under 28 U.S.C. §§ 1331 and 1337(a) because the claims arise under federal law. Optimum alleges that the Court has supplemental jurisdiction over the state-law claims under 28 U.S.C. § 1367(a). Venue in this District exists under 15 U.S.C. §§ 15, 22, and 26, and under 28 U.S.C. § 1391(b) and (c). Each Defendant resides, transacts business, is found, or has agents in this District.

Defendants contend that if Plaintiffs' Sherman Act claim is dismissed, this Court should also dismiss the state-law claims for lack of jurisdiction. 28 U.S.C. § 1367(c)(3).

3. **Existing Deadlines, Due Dates & Cut-Off Dates**

*Initial Pretrial Conference.* The Court has set an initial pretrial conference on February 19, 2026. (Dkt. 57.)

*Briefing on Defendants' Motion to Stay.* On February 5, 2026, Defendants filed a letter-motion seeking to stay discovery pending their motion to dismiss. (Dkt. 63.) Optimum's response is due today.

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

Honorable Jeannette A. Vargas
Page 3

*Briefing on Defendants' Motion to Dismiss.* Pursuant to the Court's December 22, 2025 Order Granting the Parties' Joint Letter Motion for Extension of Time (Dkt. 56), Defendants filed a Motion to Dismiss on February 6, 2026. (Dkt. 64.) By February 16, Plaintiffs must notify the Court of their intent whether to amend their complaint in response to that motion. If Plaintiffs do not amend their complaint, Plaintiffs' opposition to the motion to dismiss is due March 27, 2026. (Dkt. 56.) Defendants' reply is due April 17, 2026. *Id.*

*Initial Disclosures.* As set forth in the attached Case Management Plan and Scheduling Order, the parties have stipulated pursuant to Fed. R. Civ. P. 26(a)(1)(C) that they will exchange initial disclosures on March 5, 2026, unless Defendants' Motion to Stay Discovery (Dkt. 63) is granted earlier.

### 4. Outstanding Motions

Defendants' letter-motion to stay discovery and motion to dismiss are pending. (Dkts. 63, 64.)

### 5. Discovery

Plaintiffs' Response:

On December 9, 2025, Optimum requested on a meet and confer that Defendants provide limited voluntary discovery to produce the Cooperation Agreement and to identify the John Doe Defendants. Defendants replied the next day that they were "working on the issue" and "assessing whether confidentiality provisions are implicated." More than seven weeks later, on February 2, 2026, Defendants represented that, after a reasonable search, Defendants do not possess information sufficient to identify the John Doe Defendants. On February 3, 2026, Optimum reiterated its request for informal discovery of the Cooperation Agreement. Optimum is working on a draft protective order and will propose one to Defendants promptly.

On January 30, 2026, Optimum served its first sets of discovery – two interrogatories and 10 requests for production. That discovery seeks (among other things) a copy of the Cooperation Agreement. Based on Defendants' representation that they did not have a list of other cooperative members, on February 2, 2026, Optimum served narrow Rule 45 document subpoenas on non-parties PJT Partners, LP and Akin Gump Strauss Hauer & Feld LLP seeking documents sufficient to identify the John Doe Defendants. Those subpoenas set a February 17, 2026 return date.

On February 5, 2026, Defendants moved to stay discovery pending their motion to dismiss. Optimum opposes that motion and is filing its response today.

Defendants Response:

Kellogg, Hansen, Todd, Figel & Frederick, p.l.l.c.

Honorable Jeannette A. Vargas
Page 4

On December 10, 2025—well before discovery commenced—Plaintiffs sought discovery "aimed at identifying the John Doe defendants." On January 30, 2026, Plaintiffs issued Interrogatories and Requests for Production that formally requested both the identities of the John Doe Defendants and a copy of the Cooperation Agreement, among other broad requests for information and materials. (Dkt. 63-1.) If Defendants' Letter Motion to Stay Discovery is not granted, Defendants will respond to Plaintiffs' discovery requests in due course. Defendants have informed Plaintiffs that they lack information sufficient to identify the John Doe Defendants. More recently, in a February 3, 2026 email, Plaintiffs have pushed for advanced production of "the coop agreement," before responses to any discovery requests are due and before the parties agree to a proposed stipulated protective order.

As detailed in Defendants' Letter Motion to Stay Discovery (Dkt. 63), Defendants contend that discovery is premature at this early stage and ultimately unnecessary because the complaint fails to state a claim for relief. Defendants do not, however, seek a discovery stay with respect to Plaintiffs' Rule 45 document subpoenas, which are aimed at identifying the John Doe Defendants.

### 6. Settlement Discussions

The parties have not engaged in settlement discussions to date. The parties agree that settlement discussions would not be productive at this time.

### 7. Use of Alternative Dispute Resolution

The parties have discussed the use of alternative dispute resolution mechanisms and agree that alternative dispute resolution would not be appropriate at this time. The parties are potentially open to revisiting the issue of alternative dispute resolution at an appropriate time.

### 8. Other Information

The parties also wish to notify the Court of the following additional information:

- The deadlines set forth in the attached case management plan will apply only if the Court denies Defendants' Letter Motion to Stay Discovery. If the Court grants that motion, the parties agree to propose new deadlines within 14 days after the Court decides Defendants' Motion to Dismiss, if the Motion to Dismiss is not granted in full.

- As reflected in the attached case management plan, the parties agree that any motion for leave to amend the pleadings or to join additional parties shall be filed no later than March 16, 2026,[1] except that Optimum may move for leave to amend for the purpose of joining the John Doe Defendants 30 days after it receives information sufficient to identify those

---

[1] Optimum also reserves all rights to seek leave to amend if the Court were to grant Defendants' Motion to Dismiss. Defendants do not agree that Optimum should be permitted to amend if the Motion to Dismiss is granted.

Kellogg, Hansen, Todd, Figel & Frederick, p.l.l.c.

Honorable Jeannette A. Vargas
Page 5

- defendants. Optimum does not currently know when it will receive that information, as neither Akin nor PJT has indicated when (or if) they intend to comply with Optimum's subpoena. Defendants agree that Optimum may move for leave to amend for the sole purpose of joining John Doe Defendants 30 days after it receives information sufficient to identify those defendants. However, to the extent Optimum seeks to make substantive amendments to its pleading beyond merely adding those parties, Defendants' position is that any such motion for leave must be filed no later than March 16, 2026; otherwise, it "will be subject to the 'good cause' standard in Fed. R. Civ. P. 16(b)(4)," as directed by the Court's form Civil Case Management Plan and Scheduling Order.

- As discussed above, the process for identifying, serving, and adding the John Doe Defendants to this case turns in part on the response to Optimum's pending subpoenas. Once the John Doe Defendants have been identified, Optimum intends to propose a process for joining those Defendants to this case as appropriate without disrupting the existing briefing schedule.

- Defendants requested that the attached case management plan indicate that this case currently is to be tried before a jury because Defendants reserve their rights to a jury trial. Optimum has agreed in the interest of compromise to so indicate while reserving all rights to argue otherwise as the case proceeds. Optimum notes that its complaint did not demand a jury, and it believes the credit agreement and indentures at issue all contain jury-waiver provisions. *See, e.g.*, Credit Agreement § 9.11; Indentures § 12.07. Defendants believe that they have a right to a jury trial.

- The parties conferred but were unable to reach an agreement regarding an estimated length of trial. Optimum estimates that a trial would last four-to-six weeks. Defendants estimate that a trial would last one week. These estimates are preliminary, made before any discovery, and both sides reserve the right to revise their estimates as the case proceeds.

Respectfully submitted,

| | |
|---|---|
| /s/ *Joshua D. Branson* | /s/ *Kyle W. Mach* |
| Joshua D. Branson (*pro hac vice*) | Kyle W. Mach (*pro hac vice*) |
| Kellogg, Hansen, Todd, | Sullivan & Cromwell LLP |
|    Figel & Frederick, P.L.L.C. | 550 Hamilton Avenue |
| 1615 M. Street, N.W., Suite 400 | Palo Alto, California 94301 |
| Washington, D.C. 20036 | Telephone: (650) 461-5600 |
| (202) 326-7900 | Facsimile: (650) 461-5700 |
| (202) 326-7999 (fax) | machk@sullcrom.com |
| jbranson@kellogghansen.com | |
| | |
| *Counsel for Plaintiffs* | *Counsel for Named Defendants* |

cc:   All counsel of record (via ECF)