# Exhibit B

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| OPTIMUM COMMUNICATIONS, INC.;<br>CSC HOLDINGS, LLC,<br><br>      Plaintiffs,<br><br>      -v.-<br><br>APOLLO CAPITAL MANAGEMENT, L.P.;<br>ARES MANAGEMENT LLC; BLACKROCK<br>FINANCIAL MANAGEMENT, INC.;<br>GOLDENTREE ASSET MANAGEMENT LP;<br>J.P. MORGAN INVESTMENT<br>MANAGEMENT INC.; LOOMIS, SAYLES<br>& COMPANY, L.P.; OAKTREE CAPITAL<br>MANAGEMENT, L.P.; PGIM, INC.; Doe<br>Entities #1-#1000,<br><br>      Defendants. | Case No. 1:25-cv-9785 (JAV) |

**DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS'**
**FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Southern District of New York (together, the "Rules"), Defendants[1] hereby submit their responses and objections ("Responses") to the First Set of Requests for Production of Documents, dated January 30, 2026 (the "Requests"), issued by Plaintiffs Optimum Communications, Inc. and CSC Holdings, LLC ("Plaintiffs" or "Optimum") in the above-captioned action (the "Action") as follows.

---

[1] "Defendants" refers to the eight named defendants in this action: Apollo Capital Management, L.P.; Ares Management LLC; BlackRock Financial Management, Inc.; GoldenTree Asset Management LP; J.P. Morgan Investment Management Inc.; Loomis, Sayles & Company, L.P.; Oaktree Capital Management, L.P.; and PGIM, Inc.

## PRELIMINARY STATEMENT

Defendants' investigation of matters alleged in this action is ongoing, and Defendants reserve the right to supplement or amend their Responses at a later date. Regardless of whether Defendants produce or agree to produce documents in response to the Requests, Defendants also reserve the right to: (i) revise, correct, supplement, or clarify the content of these Responses in accordance with the Rules; (ii) provide additional responsive documents in the future; (iii) object to further discovery in the Action; (iv) rely upon any documents produced in the Action in any hearing, proceeding, or trial in the Action; and (v) challenge the authenticity or admissibility in any hearing, proceeding, or trial of any documents. Defendants preserve, and do not waive, any objection as to competence, relevance, materiality, propriety, and admissibility, as well as any and all other objections and grounds for exclusion of evidence.

Defendants object to the Requests to the extent that they seek information beyond the scope of the "limited discovery" authorized to proceed by the Court at the February 19, 2026 initial pretrial conference.

Defendants are willing to meet and confer with Optimum in an attempt to resolve disagreements, if any, with respect to these Responses, or to discuss appropriate custodians to be used in a search for responsive documents if and when appropriate. Defendants' agreement to meet and confer is not, and should not be construed as, a representation that any documents responsive to any particular Request exist. To the extent that Defendants are willing to produce responsive, non-privileged documents in their possession, custody, or control, Defendants intend to do so pursuant to reasonable and agreed-upon discovery parameters that will be used to collect potentially responsive documents (including the sources, document custodians, search terms, and date ranges), as well as an agreed-upon protective order.

## **GENERAL OBJECTIONS**

The following General Objections, Objections to Definitions, and Objections to Instructions (collectively, the "General Objections") apply to each of the Definitions, Instructions, and Requests, and shall have the same force and effect as if set forth in full in response to each individually numbered Definition, Instruction, or Request. Certain General Objections may be specifically repeated in individual responses for the purpose of emphasis. Failure to make a specific reference is not a waiver of any General Objection. In the event that any document falling within one or more of these objections is produced in response to the Requests, the production is inadvertent and does not constitute a waiver of the objection. Any response indicating that documents of a certain type will be produced is not a representation that Defendants have knowledge of the subject matter of the Requests, that Defendants in fact have any such documents, that any such documents exist, or that Defendants will search all files maintained by any person in search of such documents. Instead, such a statement reflects the intention of Defendants, subject to their objections, to conduct a reasonable search for readily accessible, non-privileged, responsive documents from sources in which responsive documents that are not otherwise protected from disclosure reasonably would be expected to be found.

1.     Defendants object to the Requests to the extent that they call for information protected by the attorney-client privilege; the work product doctrine; the common-interest privilege and/or the joint defense privilege; or any other applicable privilege, immunity, protective order, non-disclosure agreement, or other confidentiality undertaking. Nothing contained in these Responses is intended to be, nor shall in any way be, construed as a waiver of any such privilege, immunity, or protection. Inadvertent disclosure of any document that is subject to any protection or privilege shall not constitute a waiver of Defendants' rights to: (i) seek the return or destruction

-3-

of such inadvertently disclosed document; or (ii) object to the use of such material for any purpose in, or at any stage of, the Action, or in any other action or proceeding.

2.      Defendants object to the Requests to the extent that they purport to impose burdens or obligations on Defendants that are broader than, inconsistent with, or not authorized by the Rules.  In responding to the Requests, Defendants will construe the Requests in accordance with the Rules.

3.      Defendants object to the Requests to the extent that they purport to require Defendants to collect documents that are not in their possession, custody, or control, including documents that Defendants do not have the practical ability to obtain, or are available from a more convenient, more efficient, less burdensome, or less expensive source than Defendants.

4.      Defendants object to the Requests to the extent that they purport to require production of "any" or "all" documents under circumstances in which a subset of documents would be sufficient to show the pertinent information, on the grounds that such requests for production of "any" or "all" documents are overly broad, unduly burdensome, and disproportionate to the needs of the case.

5.      Defendants object to the Requests to the extent that they purport to require Defendants to conduct anything beyond a reasonable and diligent search for readily accessible files, including electronically stored information ("ESI"), from centralized, readily accessible sources where responsive documents reasonably would be expected to be found.

6.      Defendants object to the Requests to the extent that they purport to require production of ESI or documents not stored on active systems, but rather on systems, backup tapes, and other media that are not reasonably accessible.

## OBJECTIONS TO DEFINITIONS

1.      Defendants object to each of the Definitions, and to any Definition, Instruction, or Request that incorporates that Definition, to the extent that the Definition purports to broaden the obligations imposed by the Rules.  Subject to and without waiver of these objections, in responding to the Requests, Defendants will comply, and construe the Definitions consistently, with the Rules.

2.      Defendants further object to each of the Definitions, and to any Definition, Instruction, or Request that incorporates that Definition, to the extent that the Definition purports to define terms other than in accordance with the meanings typically ascribed to those terms in ordinary usage or pursuant to the Rules.

3.      Defendants further object to the defined terms "You," "Your," and "Named Defendants," and to any Definition, Instruction, or Request that incorporates those defined terms, (i) to the extent that such Definitions, Instructions, or Requests seek the discovery of documents that are in the possession, custody, or control of third parties or cannot be obtained by Defendants from another source upon a reasonable inquiry; (ii) to the extent that such Definitions, Instructions, or Requests fail to distinguish between or among distinct corporate entities; and (iii) on the grounds that such Definitions, Instructions, and Requests are vague, ambiguous, and confusing. Defendants respond to these Requests on their own behalf and not on behalf of any other entity, subsidiary, affiliate, or third party.

## OBJECTIONS TO INSTRUCTIONS

1.      Defendants further object to Instruction No. 1 to the extent that it purports to impose burdens or obligations on Defendants that are broader than, inconsistent with, or not authorized by the Rules.  Defendants also object to Instruction No. 1 on the ground that it purports to require Defendants to provide information that is not within their knowledge, possession, custody, or control.

2.     Defendants further object to Instruction No. 7 on the grounds that the phrase "context of the request" is vague and ambiguous.

3.     Defendants further object to Instruction No. 10 on the ground that it is overbroad, to the extent that it purports to require the production of information from as early as January 1, 2024, which is six months prior to the formation of the alleged "Cooperative" that is at issue in the Complaint.

**SPECIFIED RESPONSES AND OBJECTIONS**

The following Specified Responses and Objections are made subject to and without waiver of the General Objections stated above.

**Request No. 1**

The Cooperation Agreement, including all amendments, addenda, schedules, exhibits, signature pages, joinders, and any other attachments to the Cooperation Agreement, along with any side letters or related other agreements, arrangements, or binding obligations.

**Response to Request No. 1**

Defendants object to Request No. 1 on the grounds that "related other agreements, arrangements, or binding obligations" is vague and ambiguous.

Subject to and without waiver of the foregoing objections, Defendants will produce a copy of the Cooperation Agreement and will meet and confer with counsel for Plaintiffs to discuss reasonable searches of readily accessible sources in Defendants' possession, custody, or control where other responsive, non-privileged documents reasonably can be expected to be found in light of the "limited discovery" ordered by the Court at the February 19, 2026 initial pretrial conference.

**Request No. 2**

All Documents communicating or memorializing any Person's withdrawal, departure, exception, or exemption from the Cooperative.

**Response to Request No. 2**

Defendants object to Request No. 2 on the grounds that it is overbroad and unduly burdensome to the extent that it seeks "[a]ll documents" when documents sufficient to show the requested information would be more proportionate to the needs of the Action.

Subject to and without waiver of the foregoing objections, Defendants will meet and confer with counsel for Plaintiffs to discuss reasonable searches of readily accessible sources in Defendants' possession, custody, or control where responsive, non-privileged documents reasonably can be expected to be found in light of the "limited discovery" ordered by the Court at the February 19, 2026 initial pretrial conference.

**Request No. 3**

All Documents and Communications related to Your negotiation of the Cooperation Agreement (including drafts of that Agreement), Your decision to join the Cooperative, or Your efforts to recruit other Persons to join the Cooperative. This Request is not limited in time.

**Response to Request No. 3**

Defendants object to Request No. 3 as overbroad and unduly burdensome to the extent that it seeks identification and production of "[a]ll documents and communications" regarding three different subjects, expressly without any limitation as to time. Defendants further object to Request No. 3 to the extent that it seeks the production of documents protected from discovery by the attorney-client privilege or other privileges and immunities. Defendants further object to Request No. 3 on the ground that it seeks the production of documents beyond the scope of reasonable "limited discovery" as ordered by the Court at the February 19, 2026 initial pretrial conference.

Based on the foregoing objections, Defendants will not search for or produce documents responsive to this Request at this early stage of the Action. However, Defendants are

-7-

assessing the burden of responding to this Request and are willing to meet and confer further following completion of that assessment.

**Request No. 4**

> Documents sufficient to show the contractual relationship between You, the Cooperative, and/or the Steering Committee, on the one hand, and any Advisor on the other, concerning the Cooperative or Optimum's debt.

**Response to Request No. 4**

Defendants object to Request No. 4 as overbroad and unduly burdensome to the extent that it seeks identification and production of documents relating to relationships with "any Advisor" to any of the eight named defendants. Defendants further object to Request No. 4 on the grounds that it is vague and ambiguous. Defendants further object to Request No. 4 on the grounds that it seeks documents that are neither relevant to the claims or defenses of any party, nor proportional to the needs of the Action. Defendants further object to Request No. 4 to the extent that it seeks to invade the attorney-client relationship between Defendants and their legal advisors.

Subject to and without waiver of the foregoing objections, Defendants will meet and confer with counsel for Plaintiffs to discuss reasonable searches of readily accessible sources in Defendants' possession, custody, or control where responsive, non-privileged documents reasonably can be expected to be found in light of the "limited discovery" ordered by the Court at the February 19, 2026 initial pretrial conference.

**Request No. 5**

> All Communications between You and any other Named Defendant or Advisor concerning Optimum, including but not limited to (a) Optimum's July 2025 asset-backed transaction, as described in paragraphs 118 and 144 of the Complaint; and (b) the proposal to amend Optimum's debt instruments to replace the discontinued LIBOR benchmark interest rate with the SOFR benchmark rate, as described in paragraphs 209-212 of the Complaint.

**Response to Request No. 5**

Defendants object to Request No. 5 as overbroad and unduly burdensome to the extent that it seeks identification and production of "[a]ll communications" with "any other Named Defendant or Advisor concerning Optimum." Defendants further object to Request No. 5 to the extent that it seeks to invade the attorney-client relationship between Defendants and their legal advisors. Defendants further object to Request No. 5 on the ground that it seeks the production of documents beyond the scope of reasonable "limited discovery" as ordered by the Court at the February 19, 2026 initial pretrial conference.

Based on the foregoing objections, Defendants will not search for or produce documents responsive to this Request at this early stage of the Action. However, Defendants are assessing the burden of responding to this Request and are willing to meet and confer further following completion of that assessment.

**Request No. 6**

All minutes, notes, or other Documents formally or informally memorializing, summarizing, or describing any meeting of the Cooperative or the Steering Committee.

**Response to Request No. 6**

Defendants object to Request No. 6 as overbroad and unduly burdensome to the extent that it seeks "[a]ll minutes, notes, or other Documents." Defendants further object to Request No. 6 on the grounds that "informally memorializing, summarizing, or describing" is overbroad, vague, and ambiguous. Defendants further object to Request No. 6 to the extent that it seeks the production of documents protected by the attorney-client privilege.

Based on the foregoing objections, Defendants will not search for or produce documents responsive to this Request at this early stage of the Action. However, Defendants are

assessing the burden of responding to this Request and are willing to meet and confer further following completion of that assessment.

**Request No. 7**

All minutes, notes, or other Documents formally or informally memorializing, summarizing, or describing any meeting concerning Optimum's debt between You, the Steering Committee, an Advisor, or the Cooperative on the one hand, and Optimum or its advisors on the other, including but not limited to the meeting described at paragraph 169 of the Complaint.

**Response to Request No. 7**

Defendants object to Request No. 7 as overbroad and unduly burdensome to the extent that it seeks documentation of "any meeting concerning Optimum's debt" between or among a wide range of different parties. Defendants further object to Request No. 7 on the grounds that "informally memorializing, summarizing, or describing" is overbroad, vague, and ambiguous. Defendants further object to Request No. 7 to the extent that it seeks the production of documents protected by the attorney-client privilege. Defendants further object to Request No. 7 to the extent that it seeks information that is within Plaintiffs' own possession, custody, or control.

Based on the foregoing objections, Defendants will not search for or produce documents responsive to this Request at this early stage of the Action. However, Defendants are assessing the burden of responding to this Request and are willing to meet and confer further following completion of that assessment.

**Request No. 8**

All Documents or Communications discussing or analyzing the Cooperative's market share, market power, or bargaining power, including but not limited to any discussion or analysis of Optimum's options for raising debt capital from sources outside the Cooperative.

**Response to Request No. 8**

Defendants object to Request No. 8 as overbroad and unduly burdensome to the extent that it seeks identification and production of "[a]ll Documents or Communications" regarding the Cooperative's presence in the market. Defendants further object to Request No. 8 on the grounds that the terms "market share," "market power," and "bargaining power" are vague and ambiguous. Defendants further object to Request No. 8 as overbroad and unduly burdensome because it seeks "[a]ll documents" concerning issues relevant to antitrust claims, such as "market power," that are, by their nature, extremely wide-ranging. Defendants further object to Request No. 8 on the ground that it seeks the production of documents beyond the scope of reasonable "limited discovery" as ordered by the Court at the February 19, 2026 initial pretrial conference.

Based on the foregoing objections, Defendants will not search for or produce documents responsive to this Request at this early stage of the Action.

**Request No. 9**

All financial projections, models, or analyses that You received, directed, or performed of any actual or potential transaction involving Optimum's debt, including but not limited to Optimum's July 2025 asset-backed transaction described in paragraphs 118 and 144 of the Complaint.

**Response to Request No. 9**

Defendants object to Request No. 9 on the grounds that the terms "[a]ll financial projections, models, or analyses," "potential transaction," and "involving Optimum's debt" are vague and ambiguous. Defendants further object to Request No. 9 on the ground that it seeks the production of documents beyond the scope of reasonable "limited discovery" as ordered by the Court at the February 19, 2026 initial pretrial conference.

Based on the foregoing objections, Defendants will not search for or produce documents responsive to this Request at this early stage of the Action.

-11-

**Request No. 10**

All Documents and Communications discussing or analyzing the effects of the Cooperative or its actions on the prices or non-price terms for Optimum's debt.

**Response to Request No. 10**

Defendants object to Request No. 10 on the grounds that the phrases "the Cooperative or its actions" and "non-price terms" are vague and ambiguous. Defendants further object to Request No. 10 on the ground that it seeks the production of documents beyond the scope of reasonable "limited discovery" as ordered by the Court at the February 19, 2026 initial pretrial conference.

Based on the foregoing objections, Defendants will not search for or produce documents responsive to this Request at this early stage of the Action.

*The remainder of this page is intentionally left blank.*

Dated:  March 2, 2026

/s/ Kyle W. Mach
Kyle W. Mach (*pro hac vice*)
SULLIVAN & CROMWELL LLP
550 Hamilton Avenue
Palo Alto, California 94301
Telephone:  (650) 461-5600
Facsimile:  (650) 461-5700
machk@sullcrom.com

Robert J. Giuffra, Jr.
Steven L. Holley
Brian D. Glueckstein
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York  10004
Telephone:  (212) 558-4000
Facsimile:  (212) 558-3588
holleys@sullcrom.com
gluecksteinb@sullcrom.com

Renata B. Hesse (*pro hac vice*)
SULLIVAN & CROMWELL LLP
1700 New York Avenue, N.W., Suite 700
Washington, D.C. 20006
Telephone:  (202) 956-7500
Facsimile:  (202) 293-6330
hesser@sullcrom.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that, on March 2, 2026, I caused copies of Defendants' Responses and Objections to Plaintiffs' First Set of Requests for Production of Documents, dated January 30, 2026, to be served by electronic mail, pursuant to Federal Rule of Civil Procedure 5(b)(2)(E), on:

Joshua D. Branson (jbranson@kellogghansen.com)
David L. Schwarz (dschwarz@kellogghansen.com)
Thomas G. Schultz (tschultz@kellogghansen.com)
Kyle B. Grigel (kgrigel@kellogghansen.com)
Brenna L. Darling (bdarling@kellogghansen.com)
Jarrod A. Nagurka (jnagurka@kellogghansen.com)
Kellogg, Hansen, Todd,
Figel & Frederick, P.L.L.C.
1615 M Street NW, Suite 400
Washington, D.C. 20036
(202) 326-7900
(202) 326-7999 (fax)

*Counsel for Plaintiffs Optimum Communications, Inc.*
*and CSC Holdings, LLC*

/s/   *Martin Erreich*