**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| OPTIMUM COMMUNICATIONS, INC.; CSC HOLDINGS, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> APOLLO CAPITAL MANAGEMENT, L.P.; ARES MANAGEMENT LLC; BLACKROCK FINANCIAL MANAGEMENT, INC.; GOLDENTREE ASSET MANAGEMENT LP; J.P. MORGAN INVESTMENT MANAGEMENT INC.; LOOMIS, SAYLES & COMPANY, L.P.; OAKTREE CAPITAL MANAGEMENT, L.P.; PGIM, INC.; Doe Entities #1-#1000, <br><br> Defendants. | Case No. 1:25-cv-9785 (JAV) |

**MEMORANDUM OF LAW OF LSTA, INC.; SECURITIES INDUSTRY AND FINANCIAL MARKETS ASSOCIATION; MANAGED FUNDS ASSOCIATION; INVESTMENT COMPANY INSTITUTE; AND CREDITOR RIGHTS COALITION IN SUPPORT OF THEIR MOTION FOR LEAVE TO FILE AN *AMICUS CURIAE* BRIEF**

<table>
<tr><td>March 25, 2026</td><td>Jennifer J. Clark*<br>Corey W. Roush*<br>Jeremy D. Rozansky*<br>SIDLEY AUSTIN LLP<br>1501 K St. NW Washington, DC 20005<br>(202) 736-8000<br>jennifer.clark@sidley.com<br><br>Elizabeth R. Tabas Carson*<br>SIDLEY AUSTIN LLP<br>787 Seventh Ave.<br>New York, NY 10019</td></tr>
<tr><td>* Application for pro hac vice admission pending</td><td></td></tr>
<tr><td></td><td>*Attorneys for Proposed Amici*</td></tr>
</table>

Proposed *Amici Curiae* LSTA, Inc. ("LSTA"), the Securities Industry and Financial Markets Association ("SIFMA"), the Managed Funds Association ("MFA"), the Investment Company Institute ("ICI"), and the Creditor Rights Coalition ("CRC") respectfully submit this memorandum of law in support of their motion for leave to file a brief as *amici curiae* in the above-captioned matter. Defendants have consented to the filing of the brief of *amici curiae*. Plaintiffs have indicated that they take no position on this motion.

A copy of the proposed brief of *amici curiae* is attached as Exhibit A to this Memorandum.

## INTEREST OF AMICI

LSTA (formerly, the "Loan Syndications and Trading Association") is the leading advocate for the U.S. corporate lending market. LSTA's mission is to promote a fair, orderly, efficient and growing corporate loan market while advancing and balancing the interests of all market participants. Its members include commercial banks, investment banks, broker-dealers, asset managers, institutional lenders, law firms, and market service providers. LSTA undertakes a wide variety of activities in pursuit of its mission, including advocacy, thought leadership, data analytics, education, and standardization of documents, practices and operations.

SIFMA is the leading trade association for broker-dealers, investment banks, and asset managers operating in the U.S. and global capital markets. On behalf of the industry's nearly one million employees, SIFMA advocates on legislation, regulation, and business policy affecting retail and institutional investors, equity and fixed income markets, and related products and services. SIFMA serves as an industry coordinating body to promote fair and orderly markets, informed regulatory compliance, and efficient market operations and resiliency.

MFA represents the global alternative asset management industry. MFA's mission is to advance the ability of alternative asset managers to raise capital, invest it, and generate returns for their beneficiaries. MFA advocates on behalf of its membership and convenes stakeholders to address global regulatory, operational, and business issues. MFA has more than 180 fund manager members, including traditional hedge funds, private credit funds, and hybrid funds, that employ a diverse set of investment strategies. Member firms help pension plans, university endowments, charitable foundations, and other institutional investors diversify their investments, manage risk, and generate attractive returns throughout the economic cycle.

ICI is the leading association representing the asset management industry in service of individual investors. ICI's members include mutual funds, exchange-traded funds (ETFs), closed-end funds, and unit investment trusts (UITs) in the United States, and UCITS and similar funds in other jurisdictions. Its members manage $44.7 trillion invested in funds registered under the US Investment Company Act of 1940, serving more than 125 million investors.

CRC was established to promote transparency and accountability, as well as fair and robust stakeholder participation in bankruptcy proceedings, through thought leadership and advocacy. The Coalition has over 3,800 member-subscribers, comprised of sophisticated fund managers, lenders, legal advisors, financial advisors, and academics and regularly publishes original content that discusses, educates, and advocates for positions affecting creditor rights. It provides curated content to highlight bankruptcy and restructuring issues affecting institutional fixed-income markets and convenes industry leaders and stakeholders at in-person events.

These associations and organizations thus represent multiple participants in the credit markets, including lenders involved in the origination, syndication, and trading of commercial

loans. Proposed *amici* therefore have a strong interest in the central issue in this case: whether standard Cooperation Agreements among lenders violate the Sherman Antitrust Act.

As set forth in greater detail in the attached proposed amicus brief, Cooperation Agreements are an essential part of well-functioning credit markets that, among other things, ensure that equal creditors will be treated equally. In so doing, Cooperation Agreements increase creditors' willingness to participate in the markets for corporate debt, which in turn improves access to capital, lowers interest rates, and facilitates efficient restructurings, to the benefit of market participants, including borrowers as well as Amici and their members.

**ARGUMENT**

This Court "has broad discretion in deciding whether to accept an *amicus* brief" and for the reasons described above, should grant proposed Amici Curiae leave to file an *amicus* brief in this case. *City of New York v. United States*, 971 F. Supp. 789, 791 n.3 (S.D.N.Y. 1997), *aff'd*, 179 F.3d 29 (2d Cir. 1999). "An *amicus* brief should normally be allowed when ... the *amicus* has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Auto. Club of N.Y., Inc. v. Port Auth. of N.Y. & N.J.*, 2011 WL 5865296, at *2 (S.D.N.Y. Nov. 22, 2011) (internal quotation marks omitted).

Proposed *amici* and their members have extensive familiarity with Cooperation Agreements, the subject of this case. They collectively represent commercial banks, investment banks, broker-dealers, asset managers, alternative asset managers, institutional lenders, law firms, market service providers, financial advisors, and academics involved in the lending market. Proposed *amici* thus can uniquely offer a comprehensive assessment of Cooperation Agreements, the reasons they are entered into, and their importance for overall credit markets. The parties necessarily focus their arguments on the allegations in the Amended Complaint,

while the proposed *amicus* brief provides additional context and discusses the likely ramifications of the Court's decision on credit markets. Therefore, proposed *amici* submit that they have "unique information [and] perspective" and can thus assist the Court "beyond the help that the lawyers for the parties are able to provide." *Id.*

Further, granting leave to file an *amicus* brief in this case will not prejudice the parties by delaying briefing or arguments because proposed *amici* are filing on the same day that Defendants file their Motion to Dismiss the Amended Complaint, and at least 14 days before Plaintiffs respond. In addition, by analogy to Local Rule 29.1(c) of the U.S. Court of Appeals for the Second Circuit, the proposed *amicus* brief is no more than one-half the maximum length authorized by this Court's local rules for a party's principal brief. This Court should exercise its "broad discretion" to grant leave to file an *amicus* brief in this case. *City of New York*, 971 F. Supp. at 791 n.3.

## CONCLUSION

For the foregoing reasons, proposed *amici* request that this Court grant their motion for leave to file in this case the brief of *amici curiae* attached as Exhibit A.

DATED: March 25, 2026

Respectfully submitted,

*/s/ Jennifer J. Clark*
Jennifer J. Clark*
Corey W. Roush*
Jeremy D. Rozansky*
SIDLEY AUSTIN LLP
1501 K St. NW
Washington, DC 20005
(202) 736-8000
jennifer.clark@sidley.com

Elizabeth R. Tabas Carson*
SIDLEY AUSTIN LLP
787 Seventh Ave.
New York, NY 10019

*Attorneys for Proposed Amici LSTA, Inc.;
Securities Industry and Financial Markets
Association; Managed Funds Association;
Investment Company Institute; and Creditor
Rights Coalition*


\* Application for pro hac vice admission
pending

5

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitation of S.D.N.Y. Local Civil Rule 7.1(c) and Individual Rule 5(A) because it contains 1,027 words, excluding the portions exempted by S.D.N.Y. Local Civil Rule 7.1( c) and Individual Rule 5(A).

Dated: March 25, 2025                                    */s/ Jennifer J. Clark*
                                                        Jennifer J. Clark

6