**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| OPTIMUM COMMUNICATIONS, INC.; CSC HOLDINGS, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>APOLLO CAPITAL MANAGEMENT, et al.,<br><br>Defendants. | Case No. 1:25-cv-9785-JAV |

<u>**PLAINTIFFS' OPPOSITION TO MOTION FOR LEAVE TO FILE AN *AMICUS* BRIEF**</u>

The Court should deny the Creditor Groups'[1] motion (Dkt. 89) for leave to file an amicus

brief (Dkt. 90-1) supporting Defendants' motion to dismiss.  This Court has "broad discretion" to

deny amicus participation.  *See United States v. Yaroshenko*, 86 F. Supp. 3d 289, 290 (S.D.N.Y.

2015).  It should exercise that discretion to reject the proposed brief here, for three reasons.

*First*, the Creditor Groups are not impartial; they are mouthpieces for Defendants and

their counsel.  The "partiality of an *amicus* is a factor to consider in deciding whether to allow

participation."  *Picard v. Greiff*, 797 F. Supp. 2d 451, 452 (S.D.N.Y. 2011).  Courts thus

typically deny leave when an amicus is "more a 'friend of [a party]' rather than a 'friend of the

court.'"  *New York SMSA Ltd. P'ship v. Town of Bedford*, 2022 WL 718641, at *4 (S.D.N.Y.

---

[1] The Creditor Groups are LSTA, Inc. ("LSTA"); the Securities Industry and Financial Markets Association ("SIFMA"); the Managed Funds Association ("MFA"); the Investment Company Institute ("ICI"); and the Creditor Rights Coalition ("CRC").  Defendants are Apollo Capital Management, L.P. ("Apollo"); Ares Management LLC ("Ares"); BlackRock Financial Management, Inc. ("BlackRock"); GoldenTree Asset Management LP ("GoldenTree"); J.P. Morgan Investment Management Inc. ("JPMIM"); Loomis, Sayles & Company, L.P. ("Loomis"); Oaktree Capital Management, L.P. ("Oaktree"); and PGIM, Inc. ("PGIM").

Mar. 10, 2022).  That principle is controlling here.  With the possible exception of CRC,[2] Defendants or their affiliates belong to each of the Creditor Groups, and at least two of Defendants' executives sit on the Boards of the first four Creditor Groups.  Defendants' law firms in this case, Sullivan & Cromwell and Akin Gump, are also Creditor Group members (and one of Akin Gump's lawyers is a Board member).  The following table sets forth those relationships.  Check marks denote general membership; asterisks denote presence on the Board.

| | LSTA[3] | SIFMA[4] | MFA[5] | ICI[6] |
|---|---|---|---|---|
| **Apollo** | ✓ | ✓ | ✓* | ✓ |
| **Ares** | ✓ | ✓ | ✓ | |
| **BlackRock** | ✓* | ✓* | ✓ | ✓* |
| **GoldenTree** | ✓ | | ✓ | |
| **JPMIM** | ✓* | ✓* | ✓* | ✓* |
| **Loomis** | ✓ | ✓ | | ✓* |
| **Oaktree** | ✓ | | | |
| **PGIM** | ✓ | ✓ | | ✓* |
| **Akin Gump** | ✓ | ✓ | ✓* | |
| **Sullivan & Cromwell** | ✓ | ✓ | ✓ | |

The Creditor Groups' motion did not disclose these relationships.  Because "[c]onferring *amicus* status on such partisan interests is inappropriate," *SEC v. Bear, Stearns & Co.*, 2003 WL

---

[2] Optimum could not locate a list of CRC's membership.  However, a CRC newsletter recently featured a presentation from Akin Gump partner Ira Dizengoff, who is Defendants' counsel in this case.  *See Creditor Corner*, CRC (Jan. 16, 2026), https://tinyurl.com/yzfx9aek*; see also* Dkt. 49.  All website links last visited March 30, 2026.

[3] *See Members*, LSTA, https://tinyurl.com/7pfr6z24*; Board of Directors*, LSTA, https://tinyurl.com/2jdbwys8.

[4] *See Member Directory*, SIFMA, https://perma.cc/C3RD-9KDK; *Our Team*, SIFMA, https://tinyurl.com/kevsb8m4.

[5] *See Member Directory*, MFA, https://perma.cc/BSU5-T7AJ; *Board*, MFA, https://perma.cc/YM2X-TB8R.

[6] *See ICI Member Organizations*, ICI, https://perma.cc/Y933-X8L7; *ICI Board of Governors*, ICI, https://perma.cc/2NAW-9DW5.

22000340, at *6 (S.D.N.Y. Aug. 25, 2003), the Court should deny the motion, *see Hartford Fire Ins. Co. v. Expeditors Int'l of Washington, Inc.*, 2012 WL 6200958, at *1 n.1 (S.D.N.Y. Dec. 11, 2012) (denying leave based on "close relationship" between amicus and party's law firm).

*Second*, the amicus brief does not "help the court beyond the help that the lawyers for the parties are able to provide." *Id.* Defendants' two law firms have already filed an oversized brief (after their first brief, Dkt. 65) that fully develops their motion-to-dismiss arguments. There is no need for an amicus brief from their trade groups on top. *See Doherty v. Bristol-Myers Squibb Co.*, 2025 WL 2774406, at *1 n.1 (S.D.N.Y. Sept. 29, 2025) (denying leave when "[c]ounsel for the Parties have more than adequately briefed all the issues before the Court").

The Creditor Groups say (Dkt. 90 at 3-4) their participation is warranted to provide "additional context" beyond "arguments on the allegations in the Amended Complaint." But "context" is just another way of saying that the amicus brief seeks to inject disputed facts into the motion-to-dismiss record. Such factual assertions are not helpful at this stage. Indeed, the Creditor Groups make fact-driven policy assertions about whether cooperation agreements are "critical tool[s]," "necessary," "economically efficient," and have "ramifications" in "global credit markets." Dkt. 90-1 at 3, 7, 12 (capitalization altered). Those arguments hinge on disputed facts and contradict Optimum's allegations. *See* Dkt. 73 ¶¶ 11, 69, 79, 87, 123, 203, 210, 215; *see also Lehman XS Tr., Series 2006-GP2 v. Greenpoint Mortg. Funding, Inc.*, 2014 WL 265784, at *2 (S.D.N.Y. Jan. 23, 2014) (denying leave to present "additional argument about industry custom"). This Court should ultimately resolve these arguments on a full discovery record, when it can hear expert testimony informed by market data and tested by cross-examination. For now, it should confine its analysis to Optimum's allegations. *See Lynch v. City of New York*, 952 F.3d 67, 74-76 (2d Cir. 2020).

*Third*, the amicus brief represents an end-run around the Court's word limits.  This Court already granted Defendants' request for a word-limit extension to their motion to dismiss, *see* Dkt. 78, which Defendants used to file a 9,750-word brief, *see* Dkt. 87.  Now Defendants' amici seek to file a 4,329-word brief – a nearly 45% increase in the total word allotment.  The Court should not bless that uneven extension.  Optimum intends to adhere to the existing word limits, and it should not have to devote words to the Creditor Groups' unnecessary submission.  *See Lehman*, 2014 WL 265784, at \*2 (denying leave if amici "extend" and "enlarge" issues).

Dated:  March 30, 2026

Respectfully submitted,

*/s/ Joshua D. Branson*

Joshua D. Branson (*pro hac vice*)
David L. Schwarz (*pro hac vice*)
Thomas G. Schultz (*pro hac vice*)
Kyle B. Grigel (*pro hac vice*)
Brenna L. Darling (*pro hac vice*)
Jarrod A. Nagurka (*pro hac vice*)
KELLOGG, HANSEN, TODD,
  FIGEL & FREDERICK, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
(202) 326-7900
(202) 326-7999 (fax)
jbranson@kellogghansen.com
dschwarz@kellogghansen.com
tschultz@kellogghansen.com
kgrigel@kellogghansen.com
bdarling@kellogghansen.com
jnagurka@kellogghansen.com

*Counsel for Plaintiffs*

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitation of S.D.N.Y. Local Civil Rule 7.1(c) and Individual Rule 5(A) because it contains 895 words, excluding the portions exempted by S.D.N.Y. Local Civil Rule 7.1(c) and Individual Rule 5(A).

Dated:  March 30, 2026                                         Respectfully submitted,

                                                              */s/ Joshua D. Branson*